UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shawn O'Neal, ) | COMPLAINT |
| ) | |
| Plaintiff, ) | Civil Action No. 4:25-cv-492-SAL |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| Experian Information Solutions, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# COMPLAINT

1.     This is an action brought by the Plaintiff, Shawn O'Neal, for actual, statutory, and punitive damages, attorney's fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq,* (hereinafter "FCRA").

2.     The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3.     The FCRA likewise demands that consumers' disputes of inaccurate information be taken seriously by the consumer reporting agencies, requiring that they do much more than simply pass information between themselves and furnishers of information electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

4.     Before the enactment of the FCRA, inaccurate and misleading information was identified as "the most serious problem in the credit reporting industry." 115 Cong. Rec.

2411 (Jan. 31, 1969). With this problem in mind, Congress enacted the FCRA "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." S. Rep. No. 91-517 (1969).

5. To accomplish Congress' goals, the FCRA contains a variety of requirements to protect consumers, including §§ 1681e and 1681i, which are two of the cornerstone provisions of the FCRA.

6. One of the primary purposes of the FCRA is to assure "maximum possible accuracy" of consumer information to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

See 15 U.S.C. § 1681(a)(1).

## JURISDICTION AND VENUE

7. This Court has Jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681p, and 28 U.S.C. §1331 and §1332.

8. Venue is proper in the Florence Division because the Plaintiff resides in Darlington County and the Defendant transacted business in this division.

## PARTIES

9. The Plaintiff, Shawn O'Neal, is a resident and citizen of the State of South Carolina, Darlington County, and is over the age of twenty-one (21) years. Plaintiff is a consumer as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

10. Defendant Experian Information Solutions, Inc., ("Experian") is an Ohio company registered to do business in South Carolina with the South Carolina Secretary of State. Defendant may be served with process through its registered agent for service of process, C T Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. At all times and in all respects relevant herein, Defendant was doing business in the state of South Carolina and in this division.

11. Defendant Experian is a credit reporting agency as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a. Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

12. Defendant disburses such consumer reports to third parties under contract for monetary compensation.

13. Defendant acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires Defendant to provide a consumer a complete copy of their credit file upon request, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file, and which requires the Defendant to conduct a reasonable re-investigation of disputed information received from the Plaintiff.

14. The Plaintiff alleges that Defendant repeatedly failed to investigate Plaintiff's disputes and failed to delete and suppress erroneous, false, misleading, or inaccurate information from the Plaintiff's credit file.

## FACTUAL ALLEGATIONS

15. In May, Plaintiff's credit score with Trans Union dropped 74 points in three days. As a result, Plaintiff began working to get his credit reports from each of the credit reporting agencies. Unfortunately, Defendant refused to provide Plaintiff a copy of his credit report.

16. On or about July 11, 2023, Plaintiff mailed a written dispute letter **("First Experian Dispute")** to Experian, wherein he stated he had tried to get a copy of his Experian credit report online, but was unable to do so. Plaintiff requested that Defendant send him a copy of his credit report. Plaintiff also informed Defendant there were accounts being reported incorrectly on his other credit reports and asked Defendant to remove them if they were reporting on his Experian credit report. Specifically, Plaintiff disputed the PHH Mortgage ICE Center, Account No. 954801277, reporting as 30 days late, as incorrect because the account was not late. Plaintiff also disputed the I C Systems Collections, Account No. 12360****, a collection account for AT&T because Plaintiff had paid and cancelled service with AT&T years ago and did not owe any balance. Finally, Plaintiff disputed The Bureaus, Account No. 41583****, a collection account reporting for Capital One Bank card. Plaintiff also disputed multiple phone numbers being reported as not his. Plaintiff provided Experian with his name, Social Security number, date of birth, and address.

17. Experian received Plaintiff's First Dispute on July 16, 2023.

18. On or about July 17, 2023, Experian sent Plaintiff a letter stating it had received Plaintiff's recent request regarding his credit information, but that it didn't appear it was

sent by Plaintiff and thereby Experian would not be taking any action on Plaintiff's alleged request.

19. After receiving Experian's July 17, 2023 letter, Plaintiff called Experian to inform them he did in fact send the July 11, 2023, dispute letter. Experian told Plaintiff he would get a response within 10 days, but Experian never responded to Plaintiff's dispute.

20. Defendant never investigated Plaintiff's first dispute.

21. On or about August 11, 2023, Experian sent Plaintiff a copy of his Experian credit report in the mail, but Plaintiff did not receive the report until after August 21, 2023. On this report I C System Inc was reporting a collection account, PHH Mortgages Services, Acct #954801277 was reporting $648 past due as of August 2023, and late payments for June and August 2023, and The Bureaus was also still reporting as Plaintiff's collection account with a balance of $807.

22. On or about August 21, 2023, Plaintiff mailed another dispute letter **("Second Experian Dispute")** to Experian, wherein he again stated he had tried to obtain a copy of his credit report online, but was unable to do so. Plaintiff stated he had sent Experian a letter on July 11, 2023, listing the accounts that were reporting incorrectly on his credit reports, only to receive a response from Experian stating it didn't think Plaintiff had sent the letter. Plaintiff also mentioned he had called Experian in response to their letter and was told he would get a response within 10 days, but it had been over ten days and he had still not received a response. Plaintiff asked for a full copy of his credit report and again requested the accounts that were reporting incorrectly be corrected and/or removed.

Specifically, Plaintiff disputed the PHH Mortgage ICE Center, Account No. 954801277, reporting as 30 days late, as incorrect because PHH had added force-placed insurance to his mortgage although he was already paying for insurance directly and the account was not late; I C Systems Collections, Account No. 12360****, a collection account for AT&T, which Plaintiff had paid in full to AT&T at the time he cancelled the service; and The Bureaus, Account No. 41583****, a collection account for a Capital One Bank card which Plaintiff never opened. Plaintiff also disputed all phone numbers being reported, but his own, which he provided in his dispute letter.

23. Experian received Plaintiff's Second Dispute letter August 26, 2023.

24. On or about September 20, 2023, Experian finally sent Plaintiff the results of its alleged investigation into Plaintiff's dispute. Experian stated the PHH Mortgage Service Account information Plaintiff disputed was updated. However, the PHH Account was still reporting incorrectly and now had three (3), 30-day late payments. Additionally, the I C System Inc. Account was verified as accurate and thus remained on Plaintiff's credit report. The only account corrected was The Bureaus Account which was finally deleted from Plaintiff's credit report. Defendant did no investigation of its own of Plaintiff's disputes, but simply accepted the responses of the furnishers of the inaccurate information. As a result, the inaccurate accounts continued to be reported on Plaintiff's Experian credit reports.

25. On or about October 6, 2023, Plaintiff mailed a third dispute letter to Experian **("Third Experian Dispute"),** wherein he stated he had received the Dispute Results, but

there was still incorrect information reporting on his credit report. Plaintiff again disputed the PHH Mortgage ICE Center 954801277 account reporting 30-days late for June, August, and September 2023, as PHH had improperly added forced-placed insurance which Plaintiff did not owe. Plaintiff informed Defendant that his mortgage was not late, and the late payments were due to be removed. Plaintiff also again disputed the I C Systems collection 12360 account stating when he cancelled his service he called AT&T directly and paid the full balance due over the phone. Plaintiff stated he did not owe any of these charges.

26. Experian received Plaintiff's Third Dispute on October 17, 2023, but never responded to Plaintiff's dispute. Defendant did absolutely no investigation of Plaintiff's third dispute.

27. On or about June 26, 2024, Plaintiff obtained a copy of his credit report from Experian and it continued to show inaccurate information.

28. On or about June 26, 2024, Plaintiff mailed a fourth dispute letter to Experian **("Fourth Experian Dispute")**, wherein he stated he received a new copy of his Experian credit report, and it still contained inaccurate information he had disputed in the past. Specifically, Plaintiff again disputed the PHH Mortgage ICE Center, Account No. 954801277, reporting as 30-days late for multiple months in 2023 and 2024. These payments were paid on time and the error was due to the wrongful addition of force-placed insurance. Plaintiff also again disputed the I C Systems Collections, Account No. 12360****, as Plaintiff had cancelled his service with AT&T and paid off the entire

balance at that time.

29.    Experian received Plaintiff's Fourth dispute letter on July 1, 2024.

30.    On or about July 16, 2024, Experian sent Plaintiff the results of its alleged investigation into Plaintiff's dispute. Experian stated the PHH Mortgage Service Account information Plaintiff disputed was updated. However, the PHH Account was still reporting incorrectly and now had eleven (11), 30-day late payments. Additionally, the I C System Inc. Account was verified as accurate and thus remained on Plaintiff's credit report. Defendant did no investigation of its own of Plaintiff's dispute, but simply accepted the responses of the furnishers of the inaccurate information. As a result, all of the inaccurate accounts continued to be reported on Plaintiff's Experian credit reports.

31.    Defendant has intentionally and repeatedly failed to make a reasonable investigation into Plaintiff's disputes.

32.    In response to at least two of Plaintiff's disputes, Defendant completely refused to perform any investigation. In response to Plaintiff's other disputes, Defendant simply forwarded ACDVs to the furnishers of the disputed accounts. Upon receipt of the ACDV responses, Defendant simply accepted the furnishers' verifications of the Accounts and did not undertake to perform any investigation of its own.

33.    Defendant's knowing and repeated conduct warrants an award of punitive damages. *See, e.g., Younger v. Experian Info. Sols. Inc.,* Case No. 2:15-cv-00952-SGC, at *30 (N.D. Ala. Mar. 21, 2019) (awarding punitive damages for repeated, willful violations of the FCRA).

34. While Defendant continued to report inaccurate information regarding the Plaintiff, his Experian credit file was viewed by Syncb/Amazon, Ally Credit Card, AT&T, Bank of America, Comenity Servicing, Credit One Bank, State Farm/Lexis Nexis, Merrick Bank, Republic Finance, Conn Appliances, and W.S. Badcock.

## COUNT ONE
(Fair Credit Reporting Act)

35. The Plaintiff adopts the averments and allegations of paragraphs 15 through 34 hereinbefore as if fully set forth herein.

36. Defendant maintains and distributes credit data files on the Plaintiff's credit.

37. Defendant willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and (c) failing to provide Plaintiff his credit file pursuant to 15 U.S.C. §1681g.

38. The Plaintiff further alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

39. Due to Defendant's willful failure to comply with the requirements of the Fair Credit Reporting Act, the Plaintiff is entitled to statutory damages.

40. As a result of Defendant's violations of the FCRA, the Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, increased costs of credit, lost opportunities to receive credit, damage to reputation, worry, anxiety,

physical sickness, physical pain, headaches, loss of sleep, distress, frustration, family discord, loss of enjoyment of life, embarrassment, and humiliation. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

41. In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

42. Plaintiff is entitled to attorneys' fees, pursuant to 15 U.S.C. §1681o(a)(2).

43. Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights. Therefore Defendant is liable to the Plaintiff for punitive damages in an amount to be determined by the jury.

## COUNT TWO
(Fair Credit Reporting Act)

44. The Plaintiff adopts the averments and allegations of paragraphs 15 through 43 hereinbefore as if fully set forth herein.

45. Defendant negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and (c) failing to provide Plaintiff her credit file pursuant to 15 U.S.C. §1681g.

46. Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

47. As a result of Defendant's violations of the FCRA, the Plaintiff has suffered,

continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, anxiety, physical sickness, physical pain, headaches, loss of sleep, distress, frustration, family discord, loss of enjoyment of life, embarrassment, and humiliation. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

48. In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

49. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. §1681n(a).

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant for the following:

A. Actual and statutory damages from Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

B. Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C. Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and

D. For such other and further relief as the Court may deem just and proper.

/s/ *Penny Hays Cauley*
Penny Hays Cauley, Fed ID #10323
**HAYS CAULEY, P.C.**
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ *Penny Hays Cauley*
Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Experian Information Solutions, Inc.
C T Corporation System - Registered Agent
2 Office Park Court Suite 103
Columbia, SC 29223